IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MICHAEL WAYNE GRIGGS, JR.,** § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:23-CV-602-O |
| § | (NO. 4:22-CR-068-O) |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Michael Wayne Griggs, Jr., under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On March 9. 2022, Movant was named in a two-count indictment charging him in count one with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). CR ECF No. 27. Movant initially entered a plea of not guilty. CR ECF No. 31. He and his counsel later signed a factual resume, CR ECF No. 44, amended factual resume, CR ECF No. 48, and a plea agreement. CR ECF No. 49. The original factual resume reflected that Movant would plead guilty to both counts

1

of the indictment. CR ECF No. 44. The amended factual resume reflected that Movant would only plead guilty to count two of the indictment. CR ECF No. 48. The amended factual resume set forth the penalty movant faced, the elements of the offense to which he was pleading guilty, and the stipulated facts establishing that he had committed that offense. *Id.* The plea agreement set forth Movant's rights, the penalty he faced, an explanation of the Court's absolute sentencing discretion, that the plea was made freely and voluntarily and not as a result of any threats or promises, that Movant was waiving his right to appeal except in certain limited circumstances not applicable here, and that Movant had thoroughly reviewed all the legal and factual aspects of the case with his attorney and was fully satisfied with his representation. CR ECF No. 49.

On April 13, 2022, Movant appeared for rearraignment. He testified under oath that: he had discussed with counsel the charges against him, the matter of federal sentencing, and how the guidelines might apply in his case; he understood that the Court was not bound by any stipulated facts, and could disregard them or take into account other facts, and that the sentence was wholly within the Court's discretion; he had received a copy of the indictment, read, and understood it; he had heard the government's counsel read the essential elements of the count to which he was pleading guilty, he understood those essential elements, and he had committed all of them; he was fully satisfied with his counsel; he had fully read, understood, and signed the plea agreement; he understood that he was waiving his right to appeal and knowingly and voluntarily did so; no one had made any promise or assurance of any kind to induce his plea; he understood the penalty he faced and that he could not withdraw his plea if his sentence was more severe than he expected; he was pleading guilty to count two of the indictment; he signed the amended factual resume, fully understood it, and the facts stated therein were true and correct. CR ECF No. 107.

2

The probation officer prepared the presentence investigation report ("PSR"), which reflected that Movant's base offense level was 30.[1] CR ECF No. 69, ¶ 29. He received a two-level increase for possession of a firearm, *id.* ¶ 30, and a two-level increase for maintaining a drug premises. *Id.* ¶ 31. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 37, 38. Based on a total offense level of 31 and a criminal history category of III, Movant's guideline imprisonment range was 135 to 168 months. *Id.* ¶ 83. Movant filed objections, specifically objecting to the higher base offense level resulting from the difference between methamphetamine and methamphetamine (actual). CR ECF No. 73. He also filed a sentencing memorandum urging application of a downward variance because of the difference between the methamphetamine and methamphetamine (actual) guidelines calculations. CR ECF No. 83. The probation officer prepared an addendum to the PSR rejecting the objections. CR ECF No. 84.

The Court sentenced Movant to a term of imprisonment of 135 months. CR ECF No. 99. Movant appealed despite having waived the right to do so. CR ECF No. 101. His counsel filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit granted the motion to withdraw and dismissed the appeal, agreeing that there was no non-frivolous issue to be presented. *United States v. Griggs*, No. 22-10786, 2023 WL 3533870 (5th Cir. May 18, 2023).

---

[1] Movant erroneously claims that his base offense level was 32. ECF No. 14 at 7.

## II. GROUNDS OF THE MOTION

Movant asserts that he received ineffective assistance of counsel, which he sets forth under three separate grounds. The first two are virtually identical. ECF No. 1 at 4–5.[2] The third ground is simply a request for a hearing. *Id.* at 7.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[2] The page number reference is to "Page __ of 15" reflected at the top right of the document on the Court's electronic filing system and is used because the typewritten numbers on the form used by Movant are not the actual page numbers of the document filed.

4

later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    **B.  Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.   ANALYSIS**

Movant contends that his plea was not knowing, voluntary, and intelligent because counsel failed to advise him of the elements of the offense charged in count two, his rights to object to the

5

factual basis of the plea, and the waiver of right to appeal. ECF No. 2 at 4 & Ex. A at 1–2. He offers only his own uncorroborated statements in support and the record belies his allegations.

Movant signed the amended factual resume, CR ECF No. 48, which set forth the elements of the offense charged by count two of the indictment and the facts establishing that Movant committed all of those elements.[3] The amended factual resume clearly reflected that the plea was "WITH WAIVER OF APPEAL." *Id.* at 1. In addition, Movant signed the plea agreement, which set forth the waiver of right to appeal. CR ECF No. 49 at 6. Further, it reflected that Movant had thoroughly reviewed all legal and factual aspects of the case with his lawyer and was fully satisfied with his representation. Specifically:

> The defendant has received from the defendant's lawyer explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's lawyer, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

*Id.* At rearraignment, Movant testified under oath to each of the matters set forth *supra*, in particular, that he understood the elements of the offense to which he was pleading guilty (which were read aloud at the hearing) and that he had read, understood, discussed with counsel, and signed the amended factual resume and plea agreement. The Court drew special attention to the waiver of right to appeal and Movant acknowledged that he was waiving that right. That Movant was listening particularly carefully is reflected by his pointing out to the Court that he was pleading guilty only to count two and not count one of the indictment. CR ECF No. 107 at 36–37.

---

[3] Contrary to Movant's assertion, ECF No. 2 at 8 & 12, the amended factual resume does not include any reference to a firearm; nor did it contain a stipulation as to a drug premises. CR ECF No. 48. Nothing in the amended factual resume stipulated to the guideline enhancements in the PSR.

6

Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his amended factual resume and plea agreement are entitled to that presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). That is the case here.

Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's alleged representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Outside Petitioner's *ipse dixit*, he offers no support. *Lee v. United States*, 582 U.S. 357, 369 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies."). Instead, courts look to contemporaneous evidence to substantiate the defendant's expressed preferences. *Id.*; *United States v. Valdez*, 973 F.3d 396, 402–03 (5th Cir. 2020). But, Petitioner has presented nothing and the record does not reflect that he would have gone to trial.

Finally, Movant complains that counsel was ineffective for failing to "properly object to the district court's erroneous reliance on the sentencing guidelines arbitrary distinction between 'methamphetamine' and 'actual' methamphetamine." ECF No. 14 at 6. He does not explain what more his counsel was to have done. She filed objections to the PSR specifically raising the point. CR ECF No. 73. In addition, counsel filed a memorandum in aid of sentencing and motion for downward variance again making the point that the distinction in meth varieties is arbitrary. CR ECF No. 83. And, she argued for sentencing Movant at the guideline range for a mixture rather than methamphetamine (actual). CR ECF No. 108 at 7–10. That counsel did not prevail does not mean that she was ineffective. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983).

## V.   CONCLUSION

For the reasons discussed, the motion under § 2255 is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **21st day** of **December, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**